# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | C O M P L A I N T |
| RUBY TUESDAY, INC., ) ) | JURY TRIAL DEMAND |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to a group of unidentified individuals who were denied employment by Defendant because of their age. As alleged with greater particularity in paragraphs 8(a) through (c) below, statistical, documentary and anecdotal evidence will establish that, at six of its stores, Defendant failed to hire employees within the protected age group in violation of the ADEA. As a result of this discriminatory treatment, these unidentified employees have suffered lost wages. This action also alleges that Defendant failed to maintain employment records that are required by the ADEA and EEOC regulations.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.

1

§ 626(b)(the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Ruby Tuesday, Inc., has continuously been a Georgia corporation doing business in the Commonwealth of Pennsylvania and the Borough of West Mifflin and other locations in western Pennsylvania and eastern Ohio, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation,

2

conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(d).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Charging Party Sherry S. Koelle filed a charge with the Commission alleging violations of the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

### A. ADEA - Class Failure to Hire Claim

8. Since at least January 1, 2005, the Defendant has engaged in unlawful employment practices at six locations, including West Mifflin, PA, Greensburg, PA, Altoona, PA, Du Bois, PA, Indiana, PA, and Beachwood, OH, in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a). These unlawful practices include, but are not limited to, the following:

(a) Since at least January 1, 2005, Defendant has subjected a class of aggrieved applicants for server, host/hostess, bartender, and other publicly visible positions to an ongoing pattern or practice of discriminatory failure to hire such persons because of their age, 40 years and older.

(b) Since at least January 1, 2005, Defendant has subjected a class of aggrieved applicants for cook, dishwasher and other back-of-the-house positions to an ongoing pattern or practice of discriminatory failure to hire such persons because of their age, 40 years and older.

(c) Since at least January 1, 2005, Defendant, either directly or implicitly, has instructed its managers not to hire job applicants because of their age, 40 years and older, and to otherwise discriminate against older workers.

3

Case 2:09-mc-02025 Document 1292 Filed 09/30/2009 Page 4 of 6

9. The effect of the practices complained of in paragraphs 8(a) through (c) above has been to deprive a class of potential employees in the protected age group of equal employment opportunities and otherwise to affect adversely their status as applicants or potential employees, because of their age.

10. The unlawful employment practices complained of in paragraphs 8(a) through (c) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

B. <u>Recordkeeping Violation</u>

11. Since at least 2005 and ongoing, Defendant has failed to preserve, for at least one year from the date of making of the records and/or personnel action involved, various personnel and employment records that it has made or kept and has failed to preserve relevant records until final disposition of a charge of discrimination in violation of Section 7(a) of the ADEA, 29 U.S.C. § 626(a) and the Commission's regulations set forth at 29 C.F.R. §§ 1602.14 and 1627.3, including but not limited to employment applications.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex or age.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age

and older, and which eradicate the effects of its past and present unlawful employment practices.

  C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to, individuals 40 years of age and older that were not hired based on their age.

  D. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to instatement, reinstatement, provide front pay in lieu of reinstatement, or otherwise make whole individuals denied employment because of their age.

  E. Order Defendant to advertise, at its expense, to identify presently unidentified protected age group applicants.

  F. Order Defendant to provide training for supervisors and managers at all corporate levels, specific to the ADEA.

  G. Grant a permanent injunction ordering Defendant to preserve personnel and employment records in compliance with the requirements of the ADEA, and the Commission's regulations and order such other relief in connection with the proceedings and trial of this action that is appropriate in light of Defendant's failure to preserve personnel and employment records as required by law, including but not limited to charging the jury with adverse inference instructions regarding records no longer

available due to Defendant's failure to comply with the ADEA and 29 C.F.R. §§ 1602.14 and 1627.3, or other improper disposition of evidence.

H. Order Defendant to make and preserve records required by the Commission pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 626(a).

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

For: **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*Debra Lawrence by mjc*
DEBRA LAWRENCE
ACTING REGIONAL ATTORNEY

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
(412) 395-5843
(412) 395-5749 (facsimile)

6