IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 2:09-cv-01330<br>) |
| v. | ) Judge Mark R. Hornak<br>) |
| RUBY TUESDAY, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is the joint motion of the parties to extend the discovery period in this civil action. (ECF No. 70)

This case was filed by the Plaintiff Equal Employment Opportunity Commission ("EEOC") on September 30, 2009. In the most spare and conclusory of terms, the EEOC alleges in its Complaint that at six (6) restaurants in the Tri-State area centered on Pittsburgh, the Defendant Ruby Tuesday engaged in a pattern and practice of age discrimination in its hiring practices and policies in violation of federal law. The EEOC also alleges that the Defendant failed to comply with its statutory obligations to maintain and preserve certain employment records. (ECF No. 1)

The Defendant answered on January 27, 2010. (ECF No. 18) On the joint motion of the parties and for good cause shown, the case was then stayed on August 31, 2010 to allow the

parties to engage in informal factual development.[1] (ECF Nos. 22, 23) On October 13, 2011, the EEOC filed a motion to bifurcate both discovery and trial of the case as between liability on the one hand and damages/class member identity on the other (ECF No. 32). That motion was opposed by the Defendant. (ECF No. 35)

On December 27, 2011, the bifurcation motion was denied (ECF No. 41), and a case management order was entered, setting the close of fact discovery for June 29, 2012, the close of expert discovery for October 15, 2012, and setting various other relevant pretrial procedure dates. (ECF No. 42) Thereafter, there was a flurry of discovery-related motions filed by the Defendant seeking to avoid certain discovery, and by the Plaintiff seeking to compel it. On April 20, 2012 and May 4, 2012, the Court issued orders granting essentially all of the relief the Plaintiff sought and denying the relief sought by Defendant. (ECF Nos. 63, 65)

On May 31, 2012, this Court held a status conference with counsel for all parties to discuss the pending motion, the status of the case, and the anticipated further pretrial proceedings.[2] By their motion, the parties now seek to extend fact discovery an additional 214 days, to January 29, 2013. This would mean that the fact discovery period in this case would formally extend to a total of 398 days, not including the 408 days between the entry of the stay and the EEOC's discovery/trial bifurcation motion. The stated basis for the joint motion to extend is the need for the Defendant to have sufficient time to review several thousand pages of hard copy employment application and related documents as well as to take certain follow-up actions and discovery regarding identification of claimants. Defendant, on the other hand, has

---

[1] While they had jointly moved for the stay (ECF No. 22), the parties seemingly cannot now agree on the reasons they sought the stay. The EEOC says that it was to develop facts relative to its directed investigation of Defendant. Defendant says that it was to allow for limited yet focused factual development in preparation for an effective mediation. (ECF No. 25).

[2] On May 10, 2012, following the processes of this Court for the reassignment of cases to recently-appointed Judges, this case was transferred to the undersigned for all further proceedings. (ECF No. 66) The Court has reviewed and considered all of the parties' filings and the prior orders entered in this action.

2

stated that it also reserves the right to take additional discovery, which may include approximately 150 depositions, including those of each and every potential claimant to be identified by the EEOC, and to probe (via depositions) the investigative actions of several EEOC representatives.

The Court is sympathetic to, and cognizant of, the need for the parties to have sufficient time to take the discovery necessary to effectively prosecute and defend their positions. Each party is well represented by highly experienced and able counsel who are up to this task. At the same time, the Court cannot help but observe that to date, the work of the parties, extending over nearly six hundred (600) days, has seemingly generated far more heat than light. The Court's examination of the record and the reports of counsel at the status conference reveal that, notwithstanding considerable latitude having been granted the parties to date, not much productive pretrial work appears to have been accomplished.

The Court is troubled by the fact that nearly three (3) years after this case was filed, the parties are just now engaging in the most basic discovery. It is also a matter of concern that the Plaintiff has yet to disclose to the Defendant, via initial disclosures or otherwise, the important (if not compelling) factual and other bases upon which the Plaintiff makes very serious allegations that the Defendant has systematically violated the civil rights of a multitude of job applicants over a long period of time by denying them employment based on their age. At the status conference, counsel for the Plaintiff stated that at the time of the filing of the Complaint, its case was based on the statements of three (3) witnesses (whose identity apparently has been disclosed), along with a statistical study that EEOC asserts generates a presumption of unlawful age discrimination. It appears that this study has not yet been provided to the Defendant, although, apparently, some of the data inputs that would allow the Defendant to replicate those statistical results -- if it can determine how to mirror Plaintiff's study methods -- have been

shared. The Plaintiff has suggested that it is not required to disclose the statistical basis upon which this lawsuit was filed, nor could it be compelled to do so, notwithstanding that such information was apparently a substantial part of the foundation upon which the Plaintiff's counsel filed this case and signed the Complaint subject to Fed. R. Civ. P. 11.

On the other side of the coin, the Defendant has not only denied any liability or violation of the law, but by its filings it has generally resisted the efforts of the Plaintiff to obtain discovery from the Defendant except on terms that the Defendant finds reasonable. The Plaintiff, of course, has been granted broad statutory authority to enforce the equal employment obligations of employers, including the Defendant. While that authority is not limitless, it is substantial, and the sweep of those enforcement obligations help define the scope of the discovery that is to be permitted here.

Achieving substantial justice in this case requires that the Court allow some additional time for discovery as requested by the parties, but on the terms set forth in the Order to follow. If the Plaintiff's claims do have validity, then it is critical that this case move forward promptly in order to fulfill the remedial goals that Congress had in mind when it enacted the Age Discrimination in Employment Act and to provide a full and prompt remedy for those harmed by violations of that statute. On the other hand, if it turns out that there is not the requisite legal or factual basis for some or all of the serious charges now lodged against the Defendant, then there is a similarly strong interest in allowing the Defendant to promptly clear its name. There are few charges that carry as severe a sting as a claim by a federal agency that the target of those charges has engaged in invidious and unlawful employment discrimination.[3]

---

[3] Looming in the background is the litigation in Miscellaneous Action 12-mc-0019 in this Court, in which the EEOC seeks to enforce an administrative subpoena which the Defendant has asserted would generate literally millions of documents. This Court has ordered supplemental briefing by the parties in that proceeding, which remains pending.

Modern federal civil litigation is not designed to be a guessing game, nor a war of attrition between the litigants. The whole point of the pretrial discovery process is to efficiently permit the parties to glean -- with as little expense and complexity as is possible -- the basis of the claims or defenses asserted against them and to marshal the record necessary to assert those claims or defenses at trial. Notwithstanding the substantial resources that would appear to be available to the parties to do so, and the significant leeway already granted by the Court, the record to date reveals that too little progress has been made by the parties toward fulfilling this goal.

The parties must now engage in the full sweep of necessary discovery as permitted by the Federal Civil Rules. They must focus less on proving a point to one another and more on disclosing and discovering the matters necessary to facilitate resolving this dispute in a timely manner. The Court will enter an Order to permit the necessary discovery yet to be accomplished and will actively engage with the parties in the pretrial process to foster that result.

An appropriate order will enter.

Mark R. Hornak
United States District Judge

Dated: June 11, 2012

cc: All counsel of record